# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs March 11, 2014

## STATE OF TENNESSEE v. JUSTIN SHELTON

## Appeal from the Circuit Court for Lincoln County
### No.  S0900063     Forest A. Durard, Jr., Judge

---

## No.  M2013-01812-CCA-R3-CD - Filed April 24, 2014

---

Appellant, Justin Shelton, was indicted by the Lincoln County Grand Jury on two counts of reckless endangerment and two counts of vandalism.  Appellant pled guilty and was sentenced to two years on each count for a total effective sentence of eight years.  The trial court suspended the sentences and ordered Appellant to probation.  Subsequently, a probation violation warrant was filed which alleged that Appellant had not reported to his probation officer; failed to pay fines; and failed to provide proof of employment.  Petitioner also pled guilty to another offense.  At a hearing, Petitioner pled guilty to the probation violation.  The trial court ordered Appellant to serve the balance of his sentence in incarceration.  Appellant appeals.  After a review of the record and authorities, we determine that the trial court did not abuse its discretion in revoking Appellant's probation as there was evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and NORMA MCGEE OGLE, JJ., joined.

William J. Harold, Assistant Public Defender, Lewisburg, Tennessee, for the appellant, Justin Shelton.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Robert J. Carter, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

In August of 2009, Appellant was indicted by the Lincoln County Grand Jury for two counts of reckless endangerment and two counts of vandalism. Appellant pled guilty to the offenses in the indictment. As a result, the trial court sentenced Appellant to two years on each count and ordered the sentences to run consecutively to each other, for a total effective sentence of eight years. The trial court suspended the sentences and ordered Appellant to serve his sentence on probation.

In May of 2011, probation officer Angela Smith filed a probation violation report. In the report, Ms. Smith alleged that Appellant had failed to provide proof of employment; failed to pay fees and restitution; and failed to report to his probation officer.

In May of 2013, Appellant pled guilty to criminal impersonation, a class B misdemeanor, and was sentenced to thirty days in jail. Based on the arrest, two probation violation warrants were filed.

In July of 2013, Appellant pled guilty to the probation violation. At a hearing, the trial court heard testimony from Appellant. He explained that he was released from jail in 2009, lived with his parents for about three months, then moved in with a friend. He lived with the friend for about nine months before becoming homeless for a time. Appellant explained that he did not "want to be a burden" and "felt . . . out of place." Appellant explained that he "gave up" and quit reporting to his probation officer during this time period.

Appellant then met a woman, Jaclyn Corder. She helped him get his life back on track. They started dating, and Appellant got a job at a manufacturing plant. He moved in with Ms. Corder, and the two were engaged to be married. Appellant insisted that throughout the past few years he had learned the "value of life" and to "never take [anything] for granted." Appellant assured the court that he would report, be a good role model and father, and wanted "another shot." Appellant acknowledged that he had failed to pay any fines or restitution and conceded that he was arrested for criminal impersonation in Davidson County.

Appellant's mother, Flossie Campbell, also testified. She praised her son, claiming that he came with her to doctor's appointments and helped her clean her house. Ms. Campbell noted that Appellant was "more serious" now than he used to be and was a regular church attendee.

Ms. Corder testified that she and Appellant had been together for "[t]wo years, one month, and nine days" at the time of the hearing. She explained that Appellant was a good role model for her children and is "my completion of our family."

At the conclusion of the hearing, the trial court noted that Appellant pled guilty but that "it probably really wouldn't matter because the evidence certainly preponderates in favor of the violation." The trial court pointed out the Appellant failed to help himself and made "no effort whatsoever to contact the authorities and get this probation situation straightened out." The trial court commented that "sometimes [the court] tr[ies] to help people who help themselves. [Appellant] has not helped himself and has left me with no choice but to commit him to the Tennessee Department of Corrections." In other words, the trial court determined that Appellant violated the terms of his probation and ordered that he serve the balance of his sentence in incarceration. Appellant appeals.

*Analysis*

On appeal, Appellant argues that the trial court abused its discretion and erred in revoking his probation. The State disagrees.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *See also State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.*

The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

We have reviewed the record on appeal and find ample evidence to support the trial court's conclusion that a violation of probation occurred. Evidence was presented that Appellant was convicted of additional charges in Davidson County, failed to make restitution payments, failed to pay court costs and fines, and failed to report to his probation officer. Appellant admitted to the violations in his testimony, including the fact that he pled guilty to new charges in Davidson County. Despite Appellant's admirable attempts to get his life on the right track and under control, we conclude that the trial court did not abuse its discretion in concluding that Appellant violated the terms of his probation and should be incarcerated.

## **CONCLUSION**

For the foregoing reasons, the revocation of Appellant's probation is affirmed.

_____
JERRY L. SMITH, JUDGE